**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                              :
THOMAS JACKSON,               :
                              :    Civ. No. 17-4651 (RMB)
      Petitioner,             :
                              :
   v.                         :    **OPINION**
                              :
                              :
MARK KIRBY,                   :
                              :
      Respondent.             :
_____:

**BUMB,** United States District Judge

   On June 26, 2017, Petitioner, a prisoner confined in FCI Fairton, in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because an intervening change in law renders his designation as a career offender invalid, and 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. (Id. at 4, 10.) Petitioner relies on Mathis v. United States, 136 S.Ct. 2243 (2016), which he asserts was deemed retroactive on collateral review.[1] (Id. at 5.)

---

[1] Neither the Supreme Court, nor the Third nor Eleventh Circuit Courts of Appeals has decided whether Mathis is retroactively applicable on collateral review. Indeed, if the Supreme Court

Petitioner asserts jurisdiction here under § 2241, and raises the issue of whether § 2255 is inadequate or ineffective to test the legality of Petitioner's detention pursuant to 28 U.S.C § 2255(e).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

On October 20, 2000, a jury in the Southern District of Florida found Petitioner guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and attempting to possess 5 kilograms or more of cocaine with intent to distribute. (Pet., ECF No. 1 at 6); U.S. v. Jackson, 1:00-

---

or the Eleventh Circuit find that Mathis is retroactively applicable on collateral review, Petitioner's proper course is to petition the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h).

cr-00345-DLG-2 (S.D. Fla.) (ECF No. 112.)[2] On July 16, 2002, a Judgment and Conviction was entered against Petitioner, for violation of 21 U.S.C. §§ 846, 841(a)(1), and he was sentenced to a life term of imprisonment on each count, to run concurrently. (Id., ECF No. 191). According to Petitioner, his sentence was enhanced under 21 U.S.C. § 851[3] and §4B1.1 of the

---

[2] The court takes judicial notice of the docket and the judicial opinions docketed in Petitioner's criminal proceeding, U.S. v. Jackson, 1:00-cr-00345-DLG-2 (S.D. FL.), available at www.pacer.gov. See Orabi v. Attorney General of the U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014) (one court may take judicial notice of the contents of another court's docket); Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (court may take judicial notice of another court's opinion, not for the truth of the facts asserted therein, but for the existence of the opinion).

[3] 21 U.S.C. § 851(a) provides:

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts.

Sentencing Guidelines.[4]  (Pet., ECF No. 1 at 6.)

Petitioner appealed.  U.S. v. Jackson, 1:00-cr-00345-DLG-2 (S.D. Fla.) (ECF No. 192.)  On August 22, 2002, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  (Id.; ECF No. 205.)  On October 8, 2004, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  (Id., ECF No. 222.)[5]  On May 16, 2006, the district court denied Petitioner's § 2255 motion.  Jackson v.

---

> Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.
>
> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

[4]  U.S.S.G. 4B1.1(a) Career Offender provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[5]  This Court takes judicial notice of the docket and the judicial opinions docketed in Petitioner's § 2255 action, Jackson v. United States, 04-22561-CV-AJ) (S.D. Fla.) available at www.pacer.gov.

United States, 04-22561-CV-AJ) (S.D. Fla.) (ECF No. 54.) Petitioner appealed. (Id., ECF No. 55.) The Eleventh Circuit Court of Appeals affirmed the district court's denial of the § 2255 motion on July 24, 2008. (Id., ECF No. 70.)

On August 21, 2012, Petitioner filed another motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. U.S. v. Jackson, 1:00-cr-00345-DLG-2 (S.D. Fla.) (ECF No. 261.) The district court dismissed the motion because Petitioner failed to obtain permission from the Eleventh Circuit Court of Appeals before filing a second or successive § 2255 motion. (ECF No. 280.)

Petitioner raises two issues in his § 2241 petition: (1) whether Petitioner's enhancement under 21 U.S.C. § 851 no longer applies in light of Alleyne v. United States,[6] and (2) "whether the Supreme Court's decision in Descamps[7] allows Petitioner to

---

[6] In Alleyne, 133 S.Ct. 2151, 2155 (2013), the U.S. Supreme Court held that, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," and further that, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."

[7] In Descamps, the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and the Government sought an enhanced sentence under the Armed Career Criminal Act ("ACCA"), based on Descamps' prior state convictions for burglary, robbery, and felony harassment. 133 S.Ct. 2276, 2282 (2013.) The U.S. Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id.

5

raise a Mathis[8] and Hinkle[9] argument that his prior convictions used to enhance his sentence pursuant to § 851, or § 4B1.1 no longer qualify to support the erroneous designation?" (Pet., ECF No. 1 at 5.) As to the first issue, Petitioner contends that his attorney failed to argue that, pursuant to Alleyne, the § 851 enhancement was required to be included in the indictment, submitted to a jury, and found beyond a reasonable doubt. (Id.

---

[8] In Mathis v. United States, the defendant pleaded guilty to being a felon in possession of a firearm, and at sentencing, the Government asked the District Court to impose ACCA's 15-year minimum penalty based on Mathis's five prior convictions for burglary under Iowa law. 136 S.Ct. 2243, 2250 (2016). In holding that the lower court erred in applying the modified categorical approach to determine the means by which Mathis committed his prior crimes, the Court explained,

> the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque. *See Descamps*, 570 U.S., at ----, 133 S.Ct., at 2285. It is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense.

Id. at 2253-54.

[9] In United States v. Hinkle, 832 F.3d 569, 570 (5th Cir. 2016), the Fifth Circuit Court of Appeals granted the petitioner relief under 28 U.S.C. § 2255 based on Mathis, finding the career-offender enhancement did not apply to Hinkle because Hinkle's conviction for delivery of a controlled substance is not a "controlled substance offense" within the meaning of the Guidelines. Id.

6

at 10.) As to the second issue, Petitioner argues that, based on the holding in Mathis, "he is actually innocent of being a career criminal, or being eligible for an § 851 enhancement." (Id. at 13.)

II. DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284, 2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention'" Id. (citations omitted.) In 1996, Congress added significant gatekeeping provisions to § 2255, including that "a federal prisoner may only file a second or successive motion under § 2255 on the basis of 'newly discovered evidence' or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Id. (quoting 28 U.S.C. § 2255(h)).

The Third Circuit first addressed the § 2255 saving clause in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Id. at *5. Dorsainvil was denied permission to file a second or successive § 2255 motion where he relied on a recent Supreme Court case that announced a new statutory rule that "rendered noncriminal

7

the conduct for which he was convicted." Id. Section 2255(h) permits second or successive § 2255 motions only on a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (emphasis added.)

Dorsainvil argued that § 2255 was inadequate or ineffective to test the legality of his detention because the second or successive provision precluded him from arguing that he was innocent of the crime of conviction based on a new statutory interpretation of the crime by the Supreme Court. Id. (citing Dorsainvil, 119 F.3d at 248.) The Third Circuit agreed, holding that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Id.

In subsequent cases, petitioners sought to use the § 2255 saving clause when a recent Supreme Court case rendered the petitioner innocent of a sentencing enhancement. See e.g. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). The Third Circuit declined to extend the Dorsainvil exception, stating:

> [u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] dealt with

8

> sentencing and did not render conspiracy to import heroin, the crime for which *Okereke* was convicted, not criminal.

Id.

In Jackman v. Shartle, the Third Circuit held that the petitioner could not rely on § 2255's saving clause to bring his claims under § 2241 where,

> [h]e relies on the recent United States Supreme Court case *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to support his petition.
>
> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that that defendants have the Sixth Amendment right to a jury finding beyond a reasonable doubt of all facts that increase the penalty for a crime beyond the statutory maximum sentence. Specifically, *Alleyne* overruled the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and held that the rule of *Apprendi* applies to facts that increase the statutory minimum sentence. Because we have held that *Apprendi* claims must be brought pursuant to § 2255, not § 2241, see *Okereke*, 307 F.3d at 120–21, it follows that *Alleyne* claims must be brought pursuant to § 2255 as well.

535 F. App'x 87, 89 (3d Cir. 2013).

Petitioner seeks to challenge the basis for his sentencing enhancement under 21 U.S.C. § 851 and U.S.S.G. § 4B1.1 based on Supreme Court decisions made after his conviction and sentence, and after his first § 2255 motion was denied. Petitioner was convicted for violation of 8 U.S.C. §§ 846, 841(a)(1), and he

9

does not contend that retroactive Supreme Court cases render him innocent of the crimes of conviction. Therefore, his claims do not fit within the narrow <u>Dorsainvil</u> exception, which permits jurisdiction under § 2241 only where "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." <u>Dorsainvil</u>, 119 F.3d at 248.

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. Petitioner has already brought a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 in the sentencing court. Therefore, he must seek permission from the Eleventh Circuit Court of Appeals if he wishes to bring his present claim in a second or successive petition under 28 U.S.C. § 2255(h). An appropriate Order follows.

s/Renée Marie Bumb_____<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: September 6, 2017